UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

United States of America,

                                              **Hon. Hugh B. Scott**

                v.                         13CV211A

                                              **Order**

James Mazzariello et al,
                      Defendants.
_____

      In this action, defendants James Mazzariello, Adam Mazzariello and Christopher Mahoney are charged with a conspiracy to bribe government employees in connection with an automobile towing business. (Docket No. 1, Count 1).[1] James Mazzariello and Adam Mazzariello have retained Steven Cohen (and Glenn Pincus, both associated with the Hogan Willig law firm) to defend them against the charges in this case.  It is undisputed that Cohen has represented the Mazzariellos, as well as various business interests of the Mazzariellos in the past. Further, the government asserts that Cohen has previously represented various other witnesses and unnamed co-conspirators relevant to this case. Mahoney is currently represented by attorney James Harrington. Prior to retaining Harrington, Mahoney, with Cohen as counsel, appeared at a scheduled proffer session with the government. The proffer session did not take place because the government refused to proceed due to the fact that Cohen was representing the two other defendants in this case.

---

[1] James Mazzariello is also charged with two counts of making a false income tax return [Counts 2 & 3].

1

The government has filed a motion seeking a determination of whether a conflict of interest exists precluding Steven Cohen (and his firm) from representing any defendants in this case. (Docket No. 3). The government asserts that Cohen must be disqualified due to conflicts arising from the fact that he has previously represented all three defendants and several uncharged co-conspirators in this case. (Docket No. 3 at ¶3).[2] The government argues that conflicts exist or may develop in the event the respective defendants take contrary positions, such as: "(1) one defendant may claim that no bribe payments occurred at all and simply hold the government to its proof; (2) another defendant may admit that bribe payments were made, but claim that any such payments were made under duress or under a threat of extortion; and (3) one of the defendants may attempt to shift blame to individual tow truck operators, ie. individual tow truck operators, acting of their own volition, made bribe payments to City of Buffalo police officers." (Docket No. 20 at page 7).

Standard of Review

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This constitutional guarantee generally ensures that an accused may be represented by any attorney who will agree to take his case. United States v. Perez, 325 F.3d 115 (2d. Cir. 2003) citing United States v. Cunningham, 672 F.2d 1064, 1070 (2d Cir.1982). Although "[a] defendant's right to counsel of his choice is not an absolute one," United States v. Ostrer, 597 F.2d 337, 341 (2d Cir.1979), it is generally recognized that the right of an accused who retains an attorney to be

---

[2] The government also argued that Cohen is a trial witness. (Docket No. 3 at ¶ 3). The Court has previously issued an Order finding that Cohen (and his firm) were not required to be disqualified under the attorney witness rule. (Docket No. 23).

represented by that attorney is " 'a right of constitutional dimension' " Perez, 325 U.S. at 125, citing United States v. Wisniewski, 478 F.2d 274, 285 (2d Cir.1973)(quoting United States v. Sheiner, 410 F.2d 337, 342 (2d Cir.1969), cert. denied, 396 U.S. 825 (1969)). Hence the "[c]hoice of counsel should not be unnecessarily obstructed by the court." United States v. Bernstein, 533 F.2d 775, 788 (2d Cir.1976). The right to the effective assistance of counsel also includes the right to be represented by an attorney who is free from conflicts of interest. See, e.g., Wood v. Georgia, 450 U.S. 261, 271 (1981); Holloway v. Arkansas, 435 U.S. 475, 481–82 (1978). This right may be violated if the attorney has "(1) a potential conflict of interest that result[s] in prejudice to the defendant, or (2) an actual conflict of interest that adversely affect[s] the attorney's performance." Perez, 325 U.S. at 125 quoting United States v. Levy, 25 F.3d 146, 152 (2d Cir.1994). "An attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action." United States v. Schwarz, 283 F.3d at 91 (internal quotation marks omitted); Winkler v. Keane, 7 F.3d 304, 307 (2d Cir.1993), cert. denied, 511 U.S. 1022 (1994). An attorney has a potential conflict of interest if "the interests of the defendant may place the attorney under inconsistent duties at some time in the future." United States v. Kliti, 156 F.3d 150, 153 n. 3 (2d Cir.1998). It is well-settled that where the right to counsel of choice conflicts with the right to an attorney of undivided loyalty, the choice as to which right is to take precedence must generally be left to the defendant and not be dictated by the government. Perez, 325 U.S. at 125.

 To ensure that a defendant's choice is knowingly and intelligently exercised, the district court, after learning of the possibility of a conflict of interest, determines whether the attorney has an actual conflict, a potential conflict, or no conflict at all. See, e.g., United States v. Levy,

3

25 F.3d at 153. If the court discovers no genuine conflict, it has no further obligation. At the other end of the spectrum, if the court determines that counsel has an actual conflict that is so severe as to indicate per se that the rendering of effective assistance will be impeded, or is analogous to such a conflict in "breadth and depth," the court must, as discussed below, disqualify counsel. See United States v. Fulton, 5 F.3d 605, 611–13 (2d Cir.1993); Schwarz, 283 F.3d at 95–96. And if, between these two extremes, the court determines that the "attorney suffers from a lesser [actual] or only a potential conflict," then it may accept a defendant's knowing and intelligent waiver of his right to conflict-free counsel and permit the defendant to be represented by the attorney of his choice. Levy, 25 F.3d at 153. The courts do retain the discretion to reject a defendant's knowing and intelligent waiver when his attorney's conflict jeopardizes the integrity of judicial proceedings.  See United States v. Locascio, 6 F.3d 924, 931 (2d Cir.1993); United States v. Arrington, 867 F.2d 122, 129 (2d Cir.1989). But absent such institutional concerns, courts will not "assume too paternalistic an attitude in protecting the defendant from himself," and although the defendant's choice of counsel "may sometimes seem woefully foolish" to the court, the choice remains his. United States v. Curcio, 694 F.2d 14, 25 (2d Cir.1982).

     Under Curcio, "the trial court should: (i) advise the defendant of the dangers arising from the particular conflict; (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and (iii) give the defendant time to digest and contemplate the risks after encouraging him or her to seek advice from independent counsel." United States v. Iorizzo, 786 F.2d 52, 59 (2d Cir.1986). Whether a resulting waiver is "knowing and intelligent depends on the circumstances of each individual case as well as the background and experience of the accused." United States v. Blau,

159 F.3d 68, 74 (2d Cir.1998).

The Curcio Hearing

A Curcio hearing was held on December 11, 2013.  Prior to the hearing, the Court had appointed independent counsel, Thomas Burgasser, Esq. and Frank Bolgulski, Esq. to speak with defendants James Mazzariello and Adam Mazzariello, respectively, regarding any actual or potential conflict issues arising from their proposed joint representation by Cohen (and his firm) and the fact that Cohen previously represented other witnesses and unindicted co-conspirators in this matter. Also prior to the hearing, the Mazzariellos had met separately with the independent counsel on multiple occasions to discuss the conflict issues arising from the proposed joint representation and Cohen's prior representation of the co-defendants and unnamed co-conspirators. At the Curcio hearing, Burgasser and Bolgulski outlined the discussions that they had (separately) with James Mazzariello and Adam Mazzariello.  Both counsel concluded that the Mazzariellos were each aware of the conflict issues, and that each desired to continue to have joint representation by Cohen (and his firm) and that the defendants would waive any conflict arising from that representation.  The Court addressed each of the defendants individually, and engaged each in a colloquy to advise them of the potential conflicts arising from their joint representation by Cohen and the possible conflicts arising from Cohen's past representation of all co-defendants and other potential witnesses. After these colloquies, both James Mazzariello and Adam Mazzariello stated that they understood the conflict issues, and each expressed a strong desire for Cohen (and his firm) to continue to represent them in this matter and waived any conflicts arising from such representation.

During the earing, Harrington advised the Court that he had discussions with Mahoney

regarding the various possible conflicts regarding Cohen's representation of the various parties in this case. Harrington stated that in his opinion it was a conflict for Cohen to attempt to represent Mahoney at the proffer session, but that after speaking with Mahoney, Harrington was confident that Mahoney did not discuss the merits of the case with Cohen. Harrington further represented that based upon his discussions with his client, Mahoney understood the various conflict issues arising from Cohen's past representation of multiple parties in this case and was willing to waive any objection to Cohen continuing to represent the Mazzariellos in this matter. When addressed directly by the Court, Mahoney stated that he understood the discussion regarding the conflicts involving Cohen's past representation of the various parties and waived any objection to Cohen continuing to represent the Mazzariellos in this matter. The government noted that prior to the proffer session, Mahoney had represented that he was having difficulty raising sufficient money to retain Harrington, but that shortly after the indictment, Mahoney was able to raise the funds to retain Harrington. Under such circumstances, the government raised the possibility that the Mazzariellos were paying Harrington's fee and that, if such were the case, it might influence Mahoney's waiver regarding Cohen. Harrington advised the Court that based upon the circumstances and manner in which his retainer was paid, there was no basis to believe that the Mazzariellos were funding his fee on behalf of Mahoney. Mahoney directly represented to the Court that the Mazzariellos are not paying for his counsel.

Multiple Representation

The representation of multiple defendants in a single criminal prosecution is not *per se* impermissible. The Supreme Court has held that "permitting a single attorney to represent co-defendants, often referred to as joint representation, is not *per se* violative of constitutional

guarantees of effective assistance of counsel. This principle recognizes that in some cases multiple defendants can appropriately be represented by one attorney; indeed, in some cases, certain advantages might accrue from joint representation. ... 'Joint representation is a means of insuring against reciprocal recrimination. A common defense often gives strength against a common attack.' " Holloway v. Arkansas, 435 U.S. 475, 482-483 (1978) citing Glasser v. United States, 315 U.S. 60, 92 (1942)(dissenting opinion). In Cuyler v. Sullivan, 446 U.S. 335 (1980), the Supreme Court held that "a defendant who raised no objection at trial must show that an actual conflict of interest adversely affected his lawyer's performance. ... [T]he possibility of conflict is insufficient to impugn a criminal conviction." Cuyler, 446 U.S. at 348. The Second Circuit has stated that Cuyler "was concerned with the effect of multiple representation, a situation that invariably raises the *possibility* of harmful conflict that often does not exist in fact." United States v. Cancilla, 725 F.2d 867, 870 (2d. Cir. 1984)(emphasis in original).

The fact that Cohen (and his firm) purport to represent father and son defendants in this action presents a classic conflict of interest, albeit one that is subject to waiver. See United States v. Cirrincione, 780 F.2d 620 (7th Cir. 1985)("This case presents a classic conflict of interest situation where two criminal defendants, a father and a son, were represented by one attorney hired and paid by the father." Valid waiver found as no actual conflict was demonstrated); United States v. Abner, 825 F.2d 835 (5th Cir. 1987)(Multiple representation of father and son defendants permissible even where severance is not obtained.). James Marrariello and Adam Mazzariello, father and son, have been advised of their right to have independent counsel in this case. The defendants were also advised that circumstances might present themselves where the interests of the respective defendants may diverge, thus presenting a dilemma for counsel who must choose to advance the interests of one defendant over the other. Notwithstanding these

potential pit falls, the right to counsel of one's choosing has been held to permit multiple representation unless there is cause to believe that there is already an actual conflict of interest which would interfere with the ability to provide effective assistance of counsel to the defendants, or a probability that such a conflict will develop during the case. United States v. Trujillo, 302 F.Supp.2d 1239, 1247-1248 (D.Kan. 2004)("It is appropriate to assume initially that the defendant's choice of counsel is proper unless the government can lay a foundation showing good cause to believe that there is either already an actual conflict of interest interfering with the ability of counsel to provide effective assistance to the defendant, or a probability that such a conflict will develop during the case.).  Based upon the record in this case, the government has not demonstrated the current existence of an actual conflict of interest which would preclude Cohen from providing effective assistance of counsel to the defendants, or a probability that such a conflict will develop during the case. James Mazzariello and Adam Mazzariello have stated that they understand the potential conflict arising from joint representation by Cohen, and that they waive any such conflict. Similarly, the fact that Cohen had previously represented Mahoney in a limited capacity does not present an unwaivable conflict.  The Mazzariellos have waived any such conflict. Mahoney has also unequivocally waived any objection to Cohen's continued representation of the Mazzariellos in this case.  These waivers, which were made with the advice of independent counsel, appear to have been made knowingly and voluntarily.

Past Representation of Witnesses/Unnamed Co-Conspirators

   The government also asserts that Cohen has allegedly represented unnamed co-conspirators in this case.  The government has not identified the specific individuals alleged to have previously been represented by Cohen. In United States v. Liszewski, 2006 WL 2376382

(E.D.N.Y. 2006), the Court addressed a similar claim, stating:

> Prior representation of a co-defendant or Government witness can create a potentially serious conflict of interest because the attorney may be limited in impeaching the former client on cross-examination or attacking his credibility on summation without becoming what is referred to as an "unsworn witness." In addition, when an attorney possesses first-hand knowledge of events that may be the subject of testimony at trial, it is possible that he or she could become an "unsworn witness for the accused." ... In that situation, an attorney's relationship to the events in question may unfairly prejudice the prosecution because "the attorney can subtly impart his first-hand knowledge of the events without having to swear an oath or be subject to cross-examination." ...  Therefore, "[w]aiver by the defendant is ineffective in curing the impropriety in such situations, since he is not the party prejudiced." ...

Liszewski, 2006 WL 2376382 at *3. An attorney's former representation of a government witness on a substantially related[3] matter can create the potential for a serious conflict of interest warranting disqualification since the attorney may be limited in impeaching a former client or attacking his credibility on summation without becoming an unsworn witness. Ciak v. United States, 59 F.3d 296, 304–05 (2d Cir.1995), abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002)(on habeas appeal, discussing the potential for serious conflict when attorney sought to impeach "a key government witness who was his former client in a closely related matter ") ; United States v. Iorizzo, 786 F.2d 52, 57 (2d Cir.1986)(reversing mail fraud

---

[3]  A matter is substantially related to an earlier matter if: (1) the current matter involves the work the lawyer performed for the former client; or (2) there is a substantial risk that representation of the present client will involve the use of information acquired in the course of representing the former client, unless that information has become generally known. United States v. Pizzonia, 415 F.Supp.2d 168 (E.D.N.Y.,2006) citing Restatement § 132. This prohibition is not monolithic. A client who is represented by an attorney on one matter may not inhibit that attorney's freedom in all future, unrelated matters. "The scope of a client's interests is normally determined by the scope of work that the lawyer undertook in the former representation." Pizzonia, 415 F.Supp.2d at 177 citing Restatement § 132 cmt. e.

convictions on ground that counsel was conflicted due to his "earlier representation of the government's key witness in a related state proceeding "). But see Tineo v. Kelly, 870 F.2d 854, 857 (2d Cir.1989) (reversing district court's grant of habeas petition where counsel was disqualified for prior representation of prosecution witness, noting that attorney's divided loyalty between a client and a former client was "no less true simply because [attorney'] representation of the clients did not concern the same matter.");[4] United States v. Paone, 782 F.2d 386, 392 (2d Cir.1986) (holding defendant was not denied effective assistance of counsel when midway through trial, court denied request to disqualify counsel who had represented a government witness ten years prior in obtaining bail after arrest on unrelated charges); United States v. Pizzonia, 415 F.Supp.2d 168, 178 (E.D.N.Y.2006) (Weinstein, J.) ("Limited representation of a government witness unrelated to representation of the defendant is not likely to present a disabling conflict."). Absent a waiver from the former client, the attorney may not inquire into privileged matters; this restriction may impair his ability to cross-examine the witness fully. United States v. Malpiedi, 62 F.3d 465, 469 (2d Cir.1995); Ciak, 59 F.3d at 305; United States v. James, 708 F.2d 40, 45–46 (2d Cir.1983); United States v. Lussier, 71 F.3d 456, 462 (2d Cir.1995) (attorney's conflict was significantly diminished and waivable where the attorney was free to cross-examine a former client who had waived the attorney-client privilege). An attorney is barred from making an argument or cross-examining a former client in a way that could affect the former client adversely in a present proceeding. United States v. Rahman, 861 F.Supp. 266, 277 (S.D.N.Y.1994) (disqualifying firm that had previously represented four codefendants who might possibly testify).

---

[4] In Tineo, the Second Circuit noted that "[t]wo clients' interests in separate matters may be just as opposed, and the potential for conflict just as serious [as when representation concerned the same matter]." Tineo, 870 F.2d at 857

Notwithstanding these potential hazards, the Second Circuit has held that conflicts arising due to an attorney's prior representation of a witness are waivable. United States v. Basciano, 384 Fed.Appx. 28 (2d. Cir. 2010)(While the right to effective assistance of counsel "includes the right to be represented by an attorney who is free from conflicts of interest," a conflict arising from an attorney's prior representation of a trial witness is generally waivable so long as the waiver is knowing and intelligent.); United States v. Oberoi, 331 F.3d 44, (2d. Cir. 2003)(A client will not be heard on appeal to complain of a conflict of interest premised on his attorney's prior representation of a government witness if both the witness and the defendant waived any potential conflict.).

Because the government has not identified the various witnesses and unnamed co-conspirators alleged to have previously been represented by Cohen, and the record does not include the nature and circumstances regarding such representation by Cohen, a complete waiver of the right to unconflicted counsel cannot be made at this time. Both Mazzariellos have indicated to the Court that they could not conceive a scenario in which they would not desire to waive any conflict relating to Cohen's representation. However, the Court recognizes that such waivers are limited by the incomplete information possessed by the Mazzariellos as to the nature and circumstances relating to any representation provided by Cohen to any witnesses or unnamed co-conspirators. Also, the existence of any rights belonging to the yet to be identified witnesses or unnamed co-conspirators is also not developed at this time.

Based upon the record thus far developed, the Court cannot conclude that an unwaivable conflict of interest exists requiring the disqualification of Cohen as counsel for the Mazzariellos due to his past representation of witnesses and unnamed co-conspirators in this case.  If the government has specific information demonstrating the existence of an actual conflict of interest

arising from Cohen's past representation of the government's witnesses or unnamed co-conspirators, the government shall file, as soon as practicable, a further motion seeking a determination of such a conflict.

      So Ordered.

                                                       /s/ Hugh B. Scott
                                          United States Magistrate Judge
                                          Western District of New York

Buffalo, New York
January 3, 2014